UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Chattara Kelly ex rel. SHAWNET NICKESHA MCDONALD,<br><br>        Petitioner,<br><br>      -v-<br><br>LADEON FRANCIS, ET AL.,<br><br>        Respondents. | 25-CV-09355 (JAV)<br><br>ORDER GRANTING<br>PRO BONO COUNSEL |

JEANNETTE A. VARGAS, United States District Judge:

On November 7, 2025, a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 was filed on behalf of Shawnet Nickesha Mcdonald by the Petitioner's partner, Chattara Kelly, as next friend, while Petitioner was present in the Southern District of New York. ECF No. 1 at 1-2; ECF No. 2, ¶¶ 1-2.

## DISCUSSION

The Court finds that the appointment of *pro bono* counsel is appropriate in this case. In making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner. In particular, the location of Petitioner's detention, both currently and at the time the

petition was filed, presents complex jurisdictional and other legal questions. Moreover, Petitioner's abilities to present her case and conduct any related fact investigation are significantly limited due to her incarceration and the emergency nature of her petition. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Petitioner should be prepared to proceed with the case *pro se*. If an attorney volunteers, the attorney will contact Petitioner, or her next friend, directly.

If Petitioner has already successfully secured counsel on her own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, she should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

## CONCLUSION

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. Petitioner's next friend may receive court documents by email by completing the form, Consent to Electronic Service.[1]

---

[1] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 10, 2025
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge